Robert W. LUECK, Plaintiff–Appellant,

v.

State of NEVADA JUDICIAL ETHICS and Election Practices Commission, Defendant–Appellee.

No. 03–15577.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2004.

Decided July 9, 2004.

John G. Watkins, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Thomas F. Kummer, Esq., Lyssa M. Simonelli, Esq., Kummer Kaempfer Bonner & Renshaw, Las Vegas, NV, for Defendant–Appellee.

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Robert W. Lueck ("Lueck" or "Judge Lueck") appeals a grant of summary judgment in favor of the Nevada Standing Committee on Judicial Ethics and Campaign Practices ("Standing Committee"). For reasons explained below, we decline to take jurisdiction over this appeal and remand to the district court for proceedings consistent with this decision.

■ If, as counsel for the Standing Committee represented at argument, the Standing Committee's factual findings would be binding on further disciplinary proceedings that result from a judicial candidate's failure to comply with its advisory opinion or imposition of sanctions, then we are precluded from taking jurisdiction by the *Rooker–Feldman* doctrine. It is simply not within the original or appellate jurisdiction of the lower federal courts to collaterally review state judicial proceedings that "investigate, declare and enforce 'liabilities as they stand on present or past facts and under laws supposed already to exist.'" *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 479, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), quoting *Prentis v. Atlantic Coast Line,* 211 U.S. 210, 226, 29 S.Ct. 67, 53 L.Ed. 150 (1908). Lueck's "as applied" constitutional challenge to the Nevada Code of Judicial Conduct is "inextricably intertwined" with the Standing Committee's factual findings with regard to Lueck's campaign conduct, and therefore outside the purview of our jurisdiction. *See Feldman,* 460 U.S. at 482–84, n. 16, 103 S.Ct. 1303.

■ If, in the alternative, as the Standing Committee's own rules seem to indicate, the Committee's findings are merely persuasive and not legally binding, then we are at pains to find sufficient injury to Judge Lueck creating standing to bring his claim, or any "case or controversy" ripe for our review. U.S. Const. art. III, § 2, cl. 1. At the summary judgment stage, Lueck must set forth "specific facts" evidencing an "injury in fact" that is "concrete and particularized" and "actual and imminent," rather than conjectural or hypothetical in order to show standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). When questioned about his injury if the Committee's findings are not legally enforceable, Lueck's counsel articulated two: (1) the invasion of a non-legally protected right (the right to be free from others speaking badly about you); and (2) the purely hypothetical, conjectural premise that the Committee might some day seek to enforce its decision against Lueck (notwithstanding that it has not done so in six years and that Lueck won the judicial election despite the Committee's admonishment).

Injury from a violation of First Amendment rights cannot occur until if and when a government actor enforces a speech restriction on an individual in an unconstitutional manner or such enforcement is imminent. *See, e.g., Poe v. Ullman,* 367 U.S. 497, 504, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *Commonwealth of Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). If Lueck is under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no legal compulsion to abide by the Standing Committee's advisory recommendations (as evidenced by the Committee's failure to act when Lueck did not fully comply with its decision in his case), then the Committee cannot logically violate Lueck's First Amendment right in any actual or particularized manner. *See Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. He is free to take its advice under consideration but under no legal compulsion to change his behavior or his speech according to its opinion.

Failure to demonstrate actual injury makes it impossible to say that it is " 'likely' as opposed to merely 'speculative' " that an injunction from this court would redress that harm. *Id.* at 561, 112 S.Ct. 2130. We cannot go back in time to issue an injunction against the Committee's damage to Judge Lueck's reputation, nor can we craft relief from anything other than hypothetical injury through future enforcement. Accordingly, were Nevada to interpret the Committee's factfinding as merely persuasive or advisory in further disciplinary proceedings, standing does not exist for Judge Lueck in federal court under the circumstances presented to us.

■ Nor does Lueck allege enough harm or imminent threat of harm to make this a case or controversy ripe for our review. Ripeness requires that the individual bringing suit for declaratory or injunctive relief be harmed or immediately threatened with harm by the challenged action. *See Poe*, 367 U.S. at 504, 81 S.Ct. 1752. "This court can have no right to pronounce an abstract opinion upon the constitutionality of a State law. Such law must be brought into actual or threatened operation upon rights properly falling under judicial cognizance, or a remedy is not to be had here." *Georgia v. Stanton*, 6 Wall. 50, 73 U.S. 50, 74, 18 L.Ed. 721 (1867) (quoting *Cherokee Nation v. Georgia*, 30 U.S. 1, 5 Pet. 1, 8 L.Ed. 25 (1831) (Thompson J., concurring)).

The individual bringing a constitutional challenge to state judicial action "must be able to show not only that the [action] is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement." *Mellon*, 262 U.S. at 488, 43 S.Ct. 597. If actual threat of enforcement is lacking, this court cannot take jurisdiction. *Poe*, 367 U.S. at 507, 81 S.Ct. 1752. In other words, "a justiciable controversy does not exist where 'compliance with (challenged) [state action] is uncoerced by the risk of [its] enforcement.' " *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 507, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972) (quoting *Poe*, 367 U.S. at 508, 81 S.Ct. 1752). Because enforcement would not even be hypothetically possible if the Standing Committee's findings are not legally binding, we would have no jurisdiction were this the proper interpretation of the Committee's rules.

■ Whether the Standing Committee's factual findings are binding on further disciplinary hearings and therefore enforceable as a matter of law is itself a question of state law better reserved to the Nevada Supreme Court. Because this issue of state statutory interpretation has not been addressed by the Nevada Supreme Court, we believe our best and most prudential course is to abstain from taking jurisdiction over this matter.[1] *See Lake Carrier's Ass'n*, 406 U.S. at 510–11, 92 S.Ct. 1749 ("The paradigm case for abstention arises when the challenged state statute is susceptible of 'a construction by the state courts that would avoid or modify the (fed-

---

1. Based on the foregoing discussion, it seems clear that our jurisdiction would not be invoked regardless of how the state law issue is decided.

eral) constitutional question.' "); *Harman v. Forssenius,* 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965) ("Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication.... The doctrine ... contemplates that deference to state court adjudication only be made where the issue of state law is uncertain."); *Railroad Comm'n of Texas v. Pullman,* 312 U.S. 496, 499–501, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

The case is remanded to the district court with instructions to dismiss Judge Lueck's complaint without prejudice to any right he may have to seek review by the Nevada Supreme Court.

DISMISSED and REMANDED.